# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| LATIN MANAGEMENT ENTERPRISES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. |
| v. | ) ) | JURY DEMAND |
| LA COSTA NAYARITA, INC. and OSWALDO OMAR MEDINA, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff files this Complaint for intentional infringement of its valuable intellectual property rights, including trademarks and trade secrets.

## I.     THE PARTIES

1.      Plaintiff Latin Management Enterprises, LLC is a Georgia limited liability company. Latin Management Enterprises, LLC owns and operates a restaurant known as "Las Costas Nayaritas." Although Plaintiff has one location in Duluth, Georgia, it regularly serves customers from multiple states, including Tennessee, Alabama, and Florida. Additionally, Latin Management Enterprises, LLC has plans to open locations of Las Costas Nayaritas in other cities, including the Nashville area.

2.      Defendant La Costa Nayarita, Inc. is a Tennessee limited liability company with its principal place of business in Davidson County, Tennessee. Upon information and belief, Defendant Oswaldo Omar Medina is the sole shareholder of La Costa Nayarita, Inc.

## II. JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Lanham Act and Defend Trade Secrets Act.

4.      This Court has personal jurisdiction over Defendants because Defendants are conducting business in the State of Tennessee and have otherwise availed themselves of the jurisdiction of this Court.

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendants are subject to personal jurisdiction in this district.

## III. FACTUAL ALLEGATIONS

6.      In 2013, Plaintiff opened a restaurant called, "Las Costas Nayaritas" in Georgia.

7.      Plaintiff is the owner of two federally registered trademarks.

8.      The first is for the word mark, LAS COSTAS NAYARITAS, Registration Number 5912261.

9.      The second registration is for the following design mark, Registration Number 5912260:



10.     Plaintiff's employees are required to sign a confidentiality agreement that provides that they will not divulge, or use for their own benefit, Plaintiff's confidential information and trade secrets, including its recipes and spice blends.

11.     On September 21, 2017, an entity called "La Costa Nayarita, Inc." was formed with the Tennessee Secretary of State. This entity owns and operates a restaurant in Antioch, Tennessee. The restaurant was initially called "La Costa Nayarita" and is not called "La Costa."

12.     Upon information and belief, one or more employees or owners of Defendant La Costa Nayarita, Inc. are former employees of Plaintiff, and those individuals deliberately selected a confusingly similar name in order to trade off of Plaintiff's goodwill.

13.     These employees or owners, on behalf of Defendants, misappropriated certain trade secrets belonging to Plaintiff, including its propriety recipes and spice blend, and have used these trade secrets in the operation of La Costa Nayarita, Inc.

14.     Defendant La Costa Nayarita, Inc.'s menu items, recipes, and overall aesthetic of the restaurant are similar, and in many cases identical, to Plaintiff's menu items, recipes, and overall aesthetic.

15.     In June of 2020, Plaintiff, through counsel, sent a letter to La Costa Nayarita, Inc. demanding that it cease and desist further use of any confusingly similar name.

16.     As of August of 2021, Defendants were still using "La Costa Nayarita" in various places on the interior of the restaurant and were announcing themselves to customers as "La Costa Nayarita."

17.     At some point, Defendants removed "Nayarita" from some of their branding, such that the restaurant is now generally branded as "La Costa Mexican Seafood." Defendants still use

"Nayarit" in various ways, including on their Instagram page, which reads: "El estilo Nayarit nos distingue . . . ."

18.     "La Costa" is confusingly similar to Plaintiff's above-referenced trademarks, particularly given Defendants' continued use of "Nayarit".

19.     Defendants' actions, in adopting a name that is substantially similar to Plaintiff's marks, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with La Costa Nayarita, Inc., and as to the origin, sponsorship, or approval of Plaintiff's services by Defendants. In fact, Plaintiff is aware of actual confusion. As a result, Plaintiff has been damaged and has suffered an ascertainable loss, including damage to its reputation and goodwill.

20.     Medina directed, supervised, and/or controlled the unlawful activity discussed herein, including the branding and re-branding of La Costa Nayarita, Inc., the selection of a name that is confusingly similar to Plaintiff's trademarks, and the misappropriation of Plaintiff's trade secrets.

21.     Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, and willful.

## IV.     CAUSES OF ACTION

22.     Plaintiff sues Defendants for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836; violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(b)(2) and (3) for causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendant's services and for causing likelihood of confusion or misunderstanding as to the affiliation, connection or association with, or certification by, Plaintiff with Defendants; and violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

WHEREFORE, Plaintiff demands:

1.          A jury of six (6) to try this case;

2.          Compensatory damages of at least $150,000.00 or an amount the jury deems fair and reasonable;

3.          All available remedies under the Lanham Act, including, without limitation, an injunction, actual damages, an accounting and disgorgement of Defendants' profits, impoundment and destruction of the infringing articles, costs, expenses, and attorneys' fees;

4.          Treble damages and attorneys' fees pursuant to Tenn. Code Ann. § 47-18-109(a)(3) and Tenn. Code Ann. § 47-18-109(e);

5.          Double damage and attorneys' fees under the Defend Trade Secrets Act;

6.          Punitive damages for Defendants' intentional, fraudulent, malicious, or reckless conduct, as set forth above;

7.          Pre- and post-judgment interest;

8.          That Plaintiff be awarded such other and further relief as is just.


Respectfully submitted,


/s Michael A. Johnson
Michael A. Johnson (#30210)
F. Dalton Thompson, III (#37904)
KAY GRIFFIN, PLLC
222 Second Ave. North, Suite 340-M
Nashville, TN 37201
(615) 742-4800
mjohnson@kaygriffin.com
dthompson@kaygriffin.com
*Attorneys for Plaintiff*