IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LATIN MANAGEMENT ENTERPRISES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. 3:22-cv-00523 |
| v. | ) |
| | ) Judge Aleta A. Trauger |
| | ) Magistrate Judge Newbern |
| LA COSTA NAYARITA, INC. and OSWALDO OMAR MEDINA, | ) ) JURY DEMAND |
| | ) |
| Defendants. | ) |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The Court has federal question jurisdiction pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: Plaintiff owns two federally registered trademarks: (1) the word mark LAS COSTAS NAYARITAS; and (2) an affiliated design mark. It is undisputed that, years after Plaintiff began its business, Defendants started a nearly identical business called "La Costa Nayarita." After Plaintiff sent a cease-and-desist letter to Defendants, they removed "Nayarita" from the name of the restaurant. Defendants' business is now called "La Costa Mexican Seafood," and their business is often called "La Costa." (Answer ¶ 11.) Both of these names are confusingly similar to Plaintiff's marks. Further, it is undisputed that "La Costa Nayarita" appeared above the bar of Defendants' restaurant as recently as August 2021. (*Id.* ¶ 16.) Although Plaintiff currently has one location in Duluth, Georgia, it regularly serves customers from multiple states, including Tennessee, Alabama, and Florida. Additionally, Plaintiff has plans to open locations of Las Costas

Nayaritas in other cities, including in the Nashville area. Although Defendants argue the marks at issue are primarily geographically deceptively misdescriptive and thus unprotectable, the primary significance of the marks is not a generally known geographic location, nor is the consuming public likely to believe the place identified by the marks indicates the origin of the goods.

With respect to its trade secrets claim, one or more employees or owners of Defendant La Costa Nayarita, Inc. are former employees of Plaintiff and, not only did they deliberately select a confusingly similar name to trade off of Plaintiff's goodwill, but they are using Plaintiff's recipes and related trade secrets.

2) DEFENDANTS: With respect to Plaintiff's trademark claims, Defendants are not liable for the alleged infringement because the following affirmative defenses apply: (1) to the extent Defendants are employing the "Las Costas Nayaritas" marks, which they are not, Defendants are innocent infringers who lacked notice of Plaintiff's marks and began using them before Plaintiff's federal registration thereof; (2) the "Las Costas Nayaritas" marks are unprotectable as they are primarily geographically misdescriptive, leading consumers to believe the food offered at Plaintiff's restaurant is similar to the regional cuisine of Nayarit, Mexico, which it is not; (3) Plaintiff's trademark claims are barred by waiver, estoppel, and/or laches because Plaintiff approved changes to the branding of Defendants' restaurant, La Costa Mexican Seafood; and (4) Plaintiff's infringement claims are time barred.

Even if the above-described defenses do not apply, Defendants are not infringing Plaintiff's trademarks. Defendants no longer use "La Costa Nayarita" to describe their restaurant, now named "La Costa Mexican Seafood." "La Costa Mexican Seafood" is not confusingly similar to "Las Costas Nayaritas." To the extent third parties refer to Defendants' restaurant as "La Costa," Defendants do not use "La Costa" as an indicator of source. Even if Defendants did so use "La

Costa," Plaintiff exaggerates the scope of rights it may claim through its trademark of "Las Costas Nayaritas." Plaintiff's trademark does not provide Plaintiff a national monopoly over the Spanish phrase for "the coast" in marketing Mexican seafood restaurants, meaning Defendants' use thereof would not infringe.

With respect to Plaintiff's trade secrets claim, Defendants do not employ any of Plaintiff's former employees, nor use Plaintiff's recipes. Even if Defendants were copying Plaintiff's recipes, which they are not, Plaintiff would have no cause of action, as its recipes are not trade secrets.

C. ISSUES RESOLVED: Subject-matter jurisdiction, personal jurisdiction, and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 12, 2022**.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **March 31, 2023**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith, and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **November 11, 2022**.

H. DISCLOSURE OF EXPERTS: Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **March 31, 2023**. Defendants shall identify and disclose all expert witnesses and reports on or before **April 28, 2023**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **June 30, 2023**.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **December 2, 2022**.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **August 25, 2023**. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

L. ELECTRONIC DISCOVERY: Administrative Order No. 174-1 applies to electronic discovery in this case.

M. ELECTRONIC NOTICE: The parties agree that notice by electronic mail shall suffice for all pleadings, discovery, and correspondence.

N. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately four days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:


/s Michael A. Johnson
Michael A. Johnson (#30210)
F. Dalton Thompson III (#37904)
KAY GRIFFIN, PLLC
222 Second Ave. North, Suite 340-M
Nashville, TN 37201
(615) 742-4800
mjohnson@kaygriffin.com
dthompson@kaygriffin.com
*Attorneys for Plaintiff*


/s/ Taylor J. Askew
Taylor J. Askew (#33193)
Julian L. Bibb IV (#34149) (application for admission pending)
David J. Zeitlin (#37664)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219-8966
(615) 244-6380
taylor.askew@wallerlaw.com
julian.bibb@wallerlaw.com
david.zeitlin@wallerlaw.com
*Attorneys for Defendants*